WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerry O. Dufort,<br><br>                              Plaintiff,<br><br>v.<br><br>Jo Anne B. Barnhart,<br>Commisioner of Social Security,<br><br>                              Defendant. | NO. CIV-05-2755-PCT-SMM<br><br>**ORDER** |

Pending before the Court are Plaintiff's Motion for Summary Judgment (Dkt. 10), and Defendant's Cross-Motion for Summary Judgment (Dkt. 16).  After consideration of the arguments advanced by the parties, the Court makes the following rulings.

**BACKGROUND**

Plaintiff filed an application for disability insurance benefits with the Social Security Administration ("SSA") on November 7, 2002, alleging an onset date of disability of August 31, 2000.  (Administrative Record ("AR") 18-19.)  Plaintiff asserted disability on the basis of dizziness, nausea, vomiting, loss of balance, ringing in his ears and hearing loss. (AR at 19.)  Plaintiff's application was denied, at which time Plaintiff moved the agency for reconsideration. (Id.)  On reconsideration, the agency affirmed its decision. (Id.)  Plaintiff then requested a hearing, which was held on February 16, 2005.  On March 17, 2005, Administrative Law Judge ("ALJ") Michael J. Cianci, Jr.  ruled that Plaintiff was not under

a disability, and therefore not entitled to receive disability insurance benefits. (AR at 22-23.) The ALJ found that Plaintiff, though severely impaired, had the residual functional capacity ("RFC") for a wide range of medium work activity, such as past relevant work as a car wash manager.  The ALJ also found that Plaintiff's RFC rendered him able to perform other work existing in significant numbers in the national economy, namely that of semi-skilled assembly/production jobs at the medium level. (AR at 22.)  Plaintiff requested agency review of the ALJ's decision on July 12, 2005.  The Appeals Council declined to review the ALJ's determination, thereby rendering the decision of the ALJ the agency's final determination.  Plaintiff now seeks judicial review of the ALJ's determination from this Court pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The decision of the Commissioner must be affirmed if it is supported by substantial evidence and the Commissioner applied the correct legal standards.  See Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Benton v. Barnhart, 331 F.3d 1030, 1035 (9th Cir. 2003).  When reviewing factual determinations by the Commissioner, acting through the administrative law judge, this Court affirms if substantial evidence supports the determinations.  See Celaya v. Halter, 332 F.3d 1177, 1180 (9th Cir. 2003); Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996).  Substantial evidence is more than a mere scintilla, but less than a preponderance.  See Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003); Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001).  Substantial evidence, considering the entire record, is relevant evidence which a reasonable person might accept as adequate to support a conclusion.  Howard, 341 F.3d at 1011; Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

If the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, the Court may not substitute its judgment for that of the

-2-

1  Commissioner.  See Batson, 359 F.3d at 1193; McCartey v. Massanari, 298 F.3d 1072,

2  1075 (9th Cir. 2002).  The ALJ is responsible for determining credibility, resolving

3  conflicts in medical testimony, and for resolving ambiguities.  See Benton, 331 F.3d at

4  1040; Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001).  The ALJ's

5  determinations of law are reviewed de novo, although deference is owed to a reasonable

6  construction of the applicable statutes.  See Edlund, 253 F.3d at 1156; McNatt v. Apfel,

7  201 F.3d 1084, 1087 (9th Cir. 2000).

8  **DISCUSSION**

9       The ALJ found that Plaintiff, though severely impaired, had the residual functional

10  capacity ("RFC") for a wide range of medium work activity.  Plaintiff argues that, in

11  reaching this decision, the ALJ failed to make the findings necessary to support his rejection

12  of Plaintiff's credibility.  Plaintiff also argues that the RFC determination made by the ALJ

13  employed improper legal procedures.  The Court will address each of Plaintiff's arguments

14  in turn.

15  **I.   Credibility Determination**

16       Plaintiff argues that the ALJ improperly assessed the credibility of his testimony

17  regarding dizzy spells and the degree to which they incapacitate him.  The Court disagrees.

18       "[O]nce a claimant produces objective medical evidence of an underlying

19  impairment, an [ALJ] may not reject a claimant's subjective complaints based solely on a

20  lack of objective medical evidence to fully corroborate the alleged severity of the

21  [complaint]."  Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991)(en banc).  If the ALJ

22  finds the claimant's [subjective] testimony not to be credible, the ALJ must "specifically

23  make findings that support this conclusion," and the findings "must be sufficiently specific

24  to allow a reviewing court to conclude the [ALJ] rejected the claimant's testimony on

25  permissible grounds and did not arbitrarily discredit [the] claimant's testimony."  Id. at 345

26  (internal quotation marks omitted).  If there is no affirmative evidence that the claimant is

malingering, the ALJ must provide convincing reasons for rejecting the claimant's testimony regarding the severity of symptoms.  Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998).

Plaintiff asserts that the ALJ failed to provide clear and convincing reasons for rejecting his credibility.  However, the Court finds that the ALJ provided specific reasons, beyond the absence of objective medical evidence, for rejecting Plaintiff's allegations regarding the extent and severity of his periodic dizzy spells.  In addition to noting that the objective medical signs and laboratory findings did not support Plaintiff's subjective complaints to the "extent alleged," the ALJ cited Plaintiff's failure to seek current medical treatment as well as Plaintiff's ability drive, travel and perform household chores. (AR at 20-21.)  The ability to perform daily activities as well as an inadequately explained failure to seek medical treatment are findings sufficient to discredit an allegation of dizziness. See Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)(stating that the ability to perform daily activities and an inadequately explained failure to seek medical treatment are findings on which an ALJ can rely to find an allegation of pain incredible).  The ALJ gave clear and convincing reasons for rejecting the extent of Plaintiff's dizzy spells and those reasons were supported by substantial evidence.  Therefore, the ALJ did not commit legal error in rejecting Plaintiff's credibility.  See Batson, 359 F.3d at 1193.

**II. Plaintiff's Residual Functional Capacity**

Plaintiff claims that the ALJ failed to follow proper legal procedures in assessing his RFC. (Dkt. 10 at 9.)  The Court disagrees.  As detailed below, the ALJ determined Plaintiff's RFC in compliance with the applicable Regulations and his RFC determination is supported by substantial evidence.

Pursuant to 20 C.F.R. §§ 404.1545(a) and 416.945(a), the ALJ is required to determine a claimant's RFC based on all of the relevant evidence in the record, including, among other things, the claimant's medical history, medical signs, reports of daily activities, effects of symptoms, and medical source statements.  See SSR 96-8p.

-4-

Plaintiff argues that the RFC determination was improper because the ALJ ignored the frequency, duration and severity of his dizzy spells and focused solely upon evidence concerning Plaintiff's strength and stamina. (Dkt. 10 at 9.)  Yet, in his RFC assessment, the ALJ clearly explained why he found Plaintiff's complaints of dizziness inconsistent with the medical and other evidence and considered all relevant evidence, not simply evidence concerning Plaintiff's strength and stamina.

Relying on the psychological evaluation of Stephen R. Patrick, Ph.D., the ALJ assessed Plaintiff's nonexertional capacity in light of his complaints of dizziness.  As opposed to exertional capacity, which addresses an individual's physical limitations and restrictions, nonexertional capacity considers all work-related limitations and restrictions that do not depend on an individual's physical strength. See SSR 96-8p.  Based on the opinion of Dr. Patrick, who estimated Plaintiff's Global Assessment of Functioning ("GAF") at 65, the ALJ determined that Plaintiff "does not have any limitations from a medically determinable severe mental impairment."  (AR at 19.)  In making this determination, the ALJ noted that Plaintiff "complained of dizziness interfering with his ability to work and function in a normal routine."

In addition to considering Plaintiff's nonexertional capacity, the ALJ considered "objective medical signs and laboratory findings," including: (1) "essentially normal" magnetic resonance imaging ("MRI") results from 2001; (2) Plaintiff's failure to seek current medical treatment for his dizziness; (3) the opinion of Michael P. Strasser, M.D., an otolaryngologist who examined Plaintiff in 2003 and opined that Plaintiff's "imbalance seemed to be of periodic vertinious episodes that do not seems to follow any particular pattern and do not seem to be positional particularly;" and, (4) the medical source statement of Kevin Wilson, D.O., a treating physician of record since December 2001. (AR at 19-21.) The record indicates that the ALJ considered all of the relevant evidence in assessing Plaintiff's RFC, paying particular attention to symptoms, such as dizziness, arising from

Plaintiff's hearing impairment and vertigo.

Contrary to Plaintiff's argument, the ALJ did not improperly reject the medical expert testimony of Dr. Charles F. Bahn. Plaintiff claims "the ALJ never explains how he reached his conclusion that Dr. Bahn's opinion was not supported by the greater objective record." (Dkt. 10 at 8.) The bulk of the ALJ's evaluation of the evidence addresses exactly why he rejected Dr. Bahn's conclusion. While the ALJ was required to consider Dr. Bahn's medical opinion, he was under no such obligation to give it controlling weight. Instead, the ALJ assigned Dr. Wilson's opinion "greater weight." (AR at 21.) Unlike Dr. Bahn, Dr. Wilson is a treating source and, as such, his opinion about the nature of Plaintiff's impairment was entitled to "special significance" and "may be entitled to controlling weight." SSR 96-8p. Based on Plaintiff's medical history and examination, Dr. Wilson found he could "walk for six hours a day each, frequently climb, balance, stoop, kneel, crouch, and crawl with no further limitations." (AR at 21.) The Court finds the ALJ's decision to reject Dr. Bahn's opinion and give Dr. Wilson's opinion "greater weight" was reasonable since Dr. Wilson was a treating source and his opinion was supported by substantial evidence.

The Court also finds that the incidental discrepancy between the actual testimony of Dr. Bahn and the testimony quoted by the ALJ is harmless. Plaintiff correctly states that Dr. Bahn never stated that he "might not" be able to sustain a 40-hour workweek. (Dkt. 10 at 8.) Rather, Dr. Bahn testified that Plaintiff 's dizzy spells would interfere with his ability to sustain a full-time work schedule "unless he had an understanding boss" and that it would be "very difficult for him to maintain a five-day-a-week work record." (AR at 240.) The Court finds this error is harmless because the substantial weight of evidence runs contrary to Dr. Bahn's testimony. The ALJ provided clear reasons for rejecting Dr. Bahn's opinion and the incidental discrepancy between the language quoted and the actual testimony does not undermine the ALJ's decision. Moreover, the fact that the ALJ was present while Dr. Bahn testified provides additional assurance that his opinion was afforded due consideration.

Thus, the mistake does not impact the substance of the ALJ's decision or analysis.  See Curry v. Sullivan, 925 F.2d 1127, 1129 (9th Cir. 1990) (harmless error rule is applicable to an ALJ's decision); Booz v. Secretary of Health and Human Servs., 734 F.2d 1378, 1381 (9th Cir. 1984) (error harmless if there is no reasonable possibility that error would have changed outcome of case).

Finally, the Court rejects Plaintiff's assertion that the record contains sufficient evidence to support awarding Plaintiff benefits without remand for additional proceedings. The record belies this assertion.  Based on all the relevant evidence in the record, the ALJ properly determined that Plaintiff was not disabled within the meaning of the Social Security Act and therefore not entitled to receive benefits.

**CONCLUSION**

For the foregoing reasons, the decision of the ALJ is supported by substantial evidence.  See Celaya v. Halter, 332 F.3d 1177, 1180 (9th Cir. 2003); Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996).  Therefore, summary judgment in favor of Defendant is appropriate as a matter of law.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment [Dkt. 10], is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Cross-Motion for Summary Judgment [Dkt. 16], is hereby **GRANTED**.

DATED this 27th day of September, 2006.

Stephen M. McNamee
United States District Judge

-7-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26